# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMES C. CRAWFORD, Jr.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 15-9312-JWL** |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff filed this action on October 9, 2015 seeking judicial review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner). (Doc. 1). In accordance with District of Kansas Rule 83.7.1, the Commissioner timely answered and filed the transcript of the record below on January 6, 2016. (Doc. 3). On February 10, 2016, Plaintiff filed a motion to extend the time to file his Social Security Brief until March 21, 2016, which the court granted that same day. (Docs. 7, 8). On March 11, 2016, Plaintiff filed a second motion for extension of time, seeking to extend the time to file his Social Security Brief until March 31, 2016. (Doc. 9). On the same day, the court granted Plaintiff's motion in a text entry Order on the Docket Sheet in this case. (Doc. 10). The court informed Plaintiff that "[n]o further extensions w[ould] be granted without

a showing of good cause." Id.  Plaintiff did not file his Social Security Brief or request further extension of time within the extended deadline.  In similar situations in the past, other Plaintiffs' counsel have merely waited until the court has issued an order to show cause, and have thereby extended the time for filing a pleading without filing a motion for extension of time and without showing good cause for a further extension of time.  Therefore, on April 11, 2016 the court issued an "Order to Show Cause" no later than April 25, 2016 "both why he has not shown good cause for a further extension of time, and why this case should not be dismissed in accordance with Federal Rule of Civil Procedure 41b and Rule 41.1 of the Local Rules, both for failure to prosecute this case and for failure to obey the orders of this court."  (Doc. 11).  In that Order, the Court instructed Plaintiff to file his Social Security Brief as an attachment to his response to the court's show cause order.  Id. at 2.  It is now beyond the deadline, and Plaintiff has neither filed his Social Security Brief nor filed a response to the order to show cause.  In fact, so far as the Docket Sheet reveals, Plaintiff has done nothing.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or *defend* a case, or for failing to comply with local or federal procedural rules."  Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002).  Because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends of justice."  Id. (quotation omitted).  In evaluating whether dismissal is an appropriate sanction, the district court should consider the following factors:  (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process,

(3) the litigant's culpability, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) whether a lesser sanction would be effective.  Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992)).  "It is within a court's discretion to dismiss a case with prejudice if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice."  Ehrenhaus, 965 F.2d at 916.

Turning to the first factor, the Commissioner has suffered some prejudice by Plaintiff's failure to actively prosecute this case.  The Commissioner has invested time and effort into researching and preparing an answer in this case and into preparing the administrative record and converting it into a format which is compatible with filing in the court's electronic case filing system.  Moreover, the Commissioner was required to utilize resources to monitor and review each of the court's orders and Plaintiff's motions and to determine whether any action on her part was necessary or appropriate in the circumstances.

The second factor also somewhat supports dismissal of this action.  The manner in which Plaintiff has prosecuted this case (or, perhaps more accurately, not prosecuted this case) has risen to the level of interfering with the judicial process.  The court has invested time and effort into shepherding this case through the briefing process laid out in Local Rule 83.7.1, without success.  Plaintiff's filings so far do not indicate that any amount of time will result in production of a Social Security Brief stating his position on the

Commissioner's decision of his case. Other than filing the Complaint and the returns of service, Plaintiff's only filings have been essentially form motions requesting extensions of time and changing only the dates in the forms. (Docs. 7, 9).

This leads to consideration of the third factor, which focuses on the plaintiff's culpability. The third factor more heavily weighs in favor of dismissal. As is more fully laid out above, Plaintiff has failed to prepare and file a Social Security Brief since the Commissioner filed her answer and the administrative record on January 6, 2016. Plaintiff's only response to any of the deadlines or orders issued by the court has been to seek extensions of time to file his brief. The court's Order to Show Cause has been met with silence for reasons unknowable to the court.

The fourth factor is also satisfied. The court's"Order to Show Cause" specifically warned Plaintiff that his failure to respond could result in dismissal of his case "in accordance with Federal Rule of Civil Procedure 41b and Rule 41.1 of the Local Rules, both for failure to prosecute this case and for failure to obey the orders of this court." (Doc. 11, p.2).

Finally, the court considers the efficacy of lesser sanctions. Here, the court has granted both of Plaintiff's requests for extension of time, and it stood ready, upon a showing of good cause, to grant further extension. Yet, Plaintiff has not responded to the prompting of the court. Moreover, the court is unable to identify any appropriate lesser sanction in a Social Security case which would secure prosecution of the case. After

carefully reviewing the record before the court and the history of this case, the court concludes that no remedy short of dismissal would be effective.

After consideration of the five Ehrenhaus factors in light of the circumstances of this case, the court concludes that the factors weigh in favor of dismissal of this action. Defendant has suffered prejudice by virtue of having devoted resources to preparing and filing an answer and the administrative record in this case, and monitoring the orders entered by the court in its attempts to secure prosecution of the case. Meanwhile, this case is interfering with the judicial process because it continues to linger on the court's docket without any meaningful progress toward resolution.  Plaintiff's culpability for this predicament is high, as he is well aware of his obligation to prepare a Brief.  And, the court forewarned plaintiff that his failure to respond could result in dismissal, yet he has not done so.  At this point, the court believes that dismissal is the only remedy that would be effective.

**IT IS THEREFORE ORDERED** that this case is dismissed in accordance with Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute the case or to comply with the rules of procedure and the court's orders.

Dated this 28th day of April 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**